# UNITED STATES DISTRICT COURT
## Eastern District of Texas
### Sherman Division

| | |
|---|---|
| George Kenneth Schopp, § § Plaintiff, § § § CA No.: 4:23-cv-568 § v. § § § Class Action National Debt Relief, LLC § Jury Demanded § Defendant. § | |

**PLAINTIFF GEORGE KENNETH SCHOPP'S
CLASS ACTION COMPLAINT**

George Kenneth Schopp ("**Plaintiff**") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("**TCPA**"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. He is also suing under Section 305-053(c) of the Texas Business & Commerce Code and Section § 302.101 of the Texas Business & Commerce Code.

1. **Background**

    1.1. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Id.* at 744. In enacting the TCPA, Congress

intended to give consumers a choice as to how creditors and telemarketers may call them. Thus, and as applicable here, Section 227(b)(1)(A)(iii) of the TCPA specifically prohibits the making of "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]"

1.2. Plaintiff's residential cellular telephone number (469-XXX-1358, the "**Telephone Number**") is/was listed on the national Do Not Call Registry, a list explicitly designed to protect the public from these kind of intrusive telemarketing calls. Plaintiff listed the Telephone Number on the national Do Not Call Registry on December 11, 2004, and the Telephone Number has remained on the national Do Not Call Registry since that date.

1.3. National Debt Relief, LLC ("**Defendant**") or its telemarketing representative or lead generator called Plaintiff's residential phone on approximately 12 occasions beginning on December 28, 2022, and made marketing solicitations, i.e., calls for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Specifically, Defendant attempted to sell Plaintiff Defendant's debt relief services.

1.4. Because Plaintiff had not given his consent to receive these calls from Defendant, these calls violated the TCPA and the Do Not Call Registry laws and regulations.

1.5. Because the calls were transmitted using technology capable of generating hundreds of thousands of telemarketing calls per day, and because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

1.6. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

2. **Parties**

   2.1. Plaintiff is a resident of this District. The calls were received in this District.

   2.2. Defendant is a Limited Liability Company with its principal place of business located at 180 Maiden Lane, 30th FL., New York, NY 10038. Defendant is engaged in a variety of services including debt counseling. It conducts business throughout the United States, and in and throughout the State of Texas.

3. **Jurisdiction and Venue**

   3.1. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

   3.2. Venue is proper because the Plaintiff is a resident of this District and Defendant has sufficient contacts in this State and District to subject it to personal jurisdiction. Defendant made calls to a resident of this District.

   3.3. This Court has personal jurisdiction over Defendant because Defendant targeted a telephone number with a Texas area code (469) and called a resident of Texas.  Plaintiff alleges that discovery will show that Defendant called and texted Texas area codes on numerous occasions. Thus, Defendant is aware that it is calling residents of Texas and dialing into the State of Texas. Defendant took these actions to establish contacts with the State of Texas.

   3.4. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because they are so closely related to the federal claims that they form a single case or controversy.

4. **Article III Standing**

   4.1. Plaintiff has Article III standing for his claim under the TCPA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016). *See also*, *Morris v. Hornet Corp.*, No. 4:17-CV-00350, 2018 WL 4781273 (E.D. Tex. Sept. 14, 2018), *report*

*and recommendation adopted,* No. 4:17-CV-00350, 2018 WL 4773547 (E.D. Tex. Oct. 3, 2018).

4.2. Plaintiff was harmed by Defendant's actions of calling his residential phone while his number was on the Do Not Call Registry, without consent in the following manners:

4.2.1. Plaintiff's privacy was invaded by Defendant;

4.2.2. Plaintiff was harassed and abused by Defendant's telephone calls;

4.2.3. Defendant's calls were a nuisance to Plaintiff;

4.2.4. Plaintiff's phone was unavailable for other use while processing the illegal calls from Defendant;

4.2.5. Defendant illegally seized Plaintiff's telephone line while it made illegal calls to Plaintiff's cellular telephone;

4.2.6. Plaintiff's telephone line was occupied by multiple unauthorized calls from Defendant;

4.2.7. Defendant's seizure of Plaintiff's telephone line was intrusive; and

4.2.8. Plaintiff was inconvenienced by Defendant's calls, by among other things, hearing his ring and having to check the calling party.

5. **Factual Allegations; Defendant placed telemarketing calls to the Plaintiff**

5.1. Plaintiff is the owner of and user of the cellular telephone number 469-XXX-1358. The cellular number is used as a residential phone number. The

cellular number is a cell phone that Schopp uses for personal, family and household use. Schopp maintains no landline phones at his residence and primarily relies on cellular phones to communicate with friends and family. Schopp also uses his cell phone for navigation purposes, sending and receiving emails, and sending and receiving text messages. Schopp further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

5.2. Each of the telephone calls referenced below was made to Plaintiff's residential telephone number 469-XXX-1358. None of the calls at issue were placed by Defendant to Plaintiff's phone number for "emergency purposes."

5.3. Beginning on December 28, 2022, Plaintiff began receiving telephone calls directly from Defendant or from Defendant's telemarketing representatives who made the telephone calls as the agent for and on behalf of Defendant (all references herein to Defendant include Defendant's telemarketing representatives).

5.4. The telephone calls were for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Specifically, Defendant was seeking to sell Plaintiff Defendant's debt relief services.

5.5. Plaintiff is not a customer of Defendant and has not provided Defendant with his written consent to be called.

5.6. All the calls were placed to a telephone number that Plaintiff had listed on the National Do Not Call Registry for more than 31 days prior to the calls.

5.7. All of the calls were made by Defendant or Defendant's authorized agents and partners in Defendant's solicitation scheme. Thus, all of the calls were made on behalf of Defendant.

5.8. All of the calls used a prerecorded message such as Interactive Voice Response and/or Speech Recognition software. All of the calls had a similar pattern. Each call started with a "hello" from a female voice and awaited a voice response from the called party. Once the called party verbally responds the caller begins by introducing themselves with a female name and a prerecorded message regarding debt reduction and or debt elimination and selling debt relief programs. All of the calls then ask the caller if they would like to be transferred/connected to a live representative.

5.9. All of the calls followed the same pattern. On the 4-11-2023 call Plaintiff followed the prompts, spoke with an agent and was told that the agent was with National Debt Relief. On May 8, 2023 Defendant returned a call from Plaintiff and identified itself as national Debt Relief.

5.10. Plaintiff received calls from Defendant on the following dates:

| Date of Call Received | Time | Prerecorded/Artificial Voice |
|---|---|---|
| 12/28/2022 | 1:12 PM | Yes |
| 12/29/2022 | 2:31 PM | Yes |
| 1/16/2023 | 1:03 PM | Yes |
| 1/17/2023 | 9:22 AM | Yes |
| 1/19/2023 | 10:13 AM | Yes |
| 1/25/2023 | 11:11 AM | Yes |
| 3/2/2023 | 12:16 PM | Yes |
| 3/17/2023 | 4:09 PM | Yes |
| 3/21/2023 | 2:31 PM | Yes |
| 3/30/2023 | 3:59 PM | Yes |
| 4/11/2023 | 11:22 AM | Yes |
| 5/5/2023 | 2:33 PM | Yes |

5.11. Plaintiff believes he also received additional calls from Defendant and discovery will show the exact number of calls.

5.12. All of the calls were willful and knowing violations of the TCPA as the Defendant was using spoofed phone numbers to make the calls to Plaintiff. This indicates that Defendant is aware that its calling practices are in violation of the TCPA. Defendant has also been sued before fr TCPA violations.

6. **Class Action Allegations**

6.1. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of classes of all other persons or entities similarly situated throughout the United States and on behalf of a class of all other persons or entities similarly situated throughout the State of Texas.

6.2. The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defined as:

   6.2.1. **Prerecorded/Artificial Voice Class:** All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or an agent acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) using a prerecorded or artificial voice.

6.3. The class of persons Plaintiff proposes to represent with respect to Count Two is tentatively defined as:

   **Do Not Call Registry Class:** All persons in the United States from four years prior to the filing of this action through the present who (1) Defendant (or an agent acting on behalf of Defendant) called more than one time, (2) within any 12-month period (3) where the telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services.

6.4. The class of persons Plaintiff proposes to represent with respect to Count Three is tentatively defined as:

> **Texas § 302.101 Class**: From four years prior to the filing of this action through the date of certification, Plaintiff and all residents of the State of Texas to whose telephone number Defendant placed (or had placed on its behalf) a telephone solicitation when Defendant did not hold a registration certificate as required by Tex. Bus. & Com. Code § 302.101.

6.5. The class of persons Plaintiff proposes to represent with respect to Count Four is tentatively defined as:

> **Texas § 305.053 Class**: : From four years prior to the filing of this action through the date of certification, Plaintiff and all residents of the State of Texas, to whose telephone number Defendant: placed (or had placed on its behalf) a call in violation of 47 U.S.C. § 227 or a regulation thereof.

6.6. The classes as defined above are identifiable through phone records and phone number databases.

6.7. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of calls that he received, that the classes are so numerous that individual joinder would be impracticable. The potential class members number at least in the hundreds or thousands.

6.8. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that

necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

6.9. Plaintiff is a member of the classes.

6.10. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

    6.10.1. Whether Defendant violated the TCPA or the TBCC by engaging in advertising by unsolicited prerecorded or artificial voice telemarketing calls;

    6.10.2. Whether Defendant or its agents, within the four years before the filing of this Amended Complaint, made one or more one telemarketing calls to a recipient's cell phone with the use of an artificial or prerecorded voice.

    6.10.3. Whether Defendant or its agents, within the four years before the filing of the initial Complaint, made one or more one telemarketing calls within any twelve-month period to individuals whose telephone number had been registered on the Do Not Call Registry for more than 31 days and made such calls without the consent of the recipient of the call.

    6.10.4. Whether Defendant had the requisite registration certificate as required by Tex. Bus. & Com. Code § 302.101 when making telephone solicitations;

    6.10.5. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

6.11. Plaintiff's claims are typical of the claims of class members.

6.12. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

6.13. The actions of Defendant are generally applicable to the class as a whole and to Plaintiff.

6.14. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

6.15. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

6.16. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**7. Count One: Violation of the TCPA's artificial/prerecorded voice provisions**

7.1. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

7.2. The Defendant violated the TCPA by initiating telephone solicitations to cell phone numbers with the use of an artificial or prerecorded voice.

7.3. The Defendant's violations were knowing/willful as Defendant was spoofing the calling phone numbers and had no prior business with Plaintiff.

7.4. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

7.4.1. That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

    7.4.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

    7.4.3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

    7.4.4. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

    7.4.5. That the Plaintiff recover his attorneys' fees and costs.

    7.4.6. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

8. **Count Two: Violation of the TCPA's Do Not Call provisions**

    8.1. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

    8.2. Defendant made more than one unsolicited telephone call to Plaintiff and other members of the Do Not Call Registry Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and other members of the Do Not Call Registry Class never provided any form of

consent to receive telephone calls from Defendant and do not have a current record of consent to place telemarketing calls to their registered phone numbers.

8.3. The Defendant violated the TCPA by initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

8.4. Defendant also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy of dealing with do not call requests, by failing to inform or train its personnel engaged in telemarketing regarding the existence and/or use of any do not call list, and by failing to internally record and honor do not call requests.

8.5. The Defendant's violations were knowing/willful as Defendant was spoofing the calling phone numbers and had no prior business with Plaintiff. Defendant did not subscribe to or utilize the Do Not Call database.

8.6. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

    8.6.1. That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

    8.6.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

    8.6.3. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

    8.6.4. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

    8.6.5. That the Plaintiff recover his attorneys' fees and costs.

    8.6.6. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**9. Count Three: - Violations of Texas Business and Commerce Code, § 302.101 (On Behalf of Plaintiff and the Texas § 302.101 Class)**

  9.1. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

  9.2. Defendant failed to obtain a registration certificate from the Office of the Secretary of State of Texas pursuant to § 302.101 of the Texas Business and Commerce Code.

9.3. Defendant placed telephone solicitations to Plaintiff's and the Texas § 302.101 Class Members' telephone numbers.

9.4. Defendant's telephone solicitations were made from a location in Texas or to Plaintiff and the Texas § 302.101 Class Members located in Texas.

9.5. Plaintiff and the Texas § 302.101 Class Members are entitled to an award of up to $5,000 for each violation and all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

10. **Count Four: Violation of Tex. Bus. & Com. Code, Chapter 305 ("TBCC")**

    10.1. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

    10.2. Plaintiff is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

    10.3. Defendant is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

    10.4. Pursuant to Section 305-053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an

action against the person who originates the communication for an injunction, damages or both an injunction and damages.

10.5. As set forth above Defendant violated 47 U.S.C. § 227, or a regulation adopted under that provision.

10.6. Plaintiff is entitled to a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305.

10.7. Pursuant to Section 305-053(b) of the Texas Business & Commerce Code, Plaintiff is entitled to the greater of $500.00 for each violation or Plaintiff's actual damages for each call negligently made by Defendant.

10.8. Pursuant to Section 305-053(c) of the Texas Business & Commerce Code, Plaintiff is entitled to not more than the greater of $1,500.00 for each violation or three times Plaintiff's actual damages for each violation by Defendant that the Court finds was made knowingly or intentionally.

10.9. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

    10.9.1. That Defendant be restrained from engaging in future telemarketing in violation of the TBCC.

    10.9.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any

        documents or records that could be used to identify class members.

   10.9.3.  That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

   10.9.4.  That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

   10.9.5.  That the Plaintiff recover his attorneys' fees and costs.

   10.9.6.  That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**11. Count Five Injunctive relief to bar future TCPA violations**

11.1. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

11.2. The TCPA and the TBCC authorize injunctive relief to prevent further violations of the TCPA.

11.3. The Plaintiff respectfully petitions this Court to order the Defendant, and their employees, agents and independent distributors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

**12. Jury Demand**

12.1. Plaintiff requests a jury trial as to all claims of the complaint so triable.

Respectfully submitted:

By: */s/ Chris R. Miltenberger*
Chris R. Miltenberger
Texas State Bar Number 14171200

Designated as Lead Attorney

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff