**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

George Kenneth Schopp,

Plaintiff,

v.

National Debt Relief, LLC

Defendants.

Case No. 4:23-cv-00568-SDJ

_______________________________________/

# DEFENDANT NATIONAL DEBT RELIEF, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant National Debt Relief, LLC ("National"), through its undersigned counsel, hereby responds to the Class Action Complaint (the "Complaint") (Dkt. No. 1) filed by Plaintiff George Kenneth Schopp as follows:

In response to the unnumbered paragraph preceding paragraph 1 of the Complaint, National admits Plaintiff seeks to assert claims pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Texas Business & Commerce Code, Sections §§ 302.101 and 305.053(c), but denies any actionable conduct, denies Plaintiff is entitled to any relief whatsoever, and denies any remaining allegations in the unnumbered paragraph.

**1. Background**

1.1 National admits the United States Congress enacted the TCPA, admits Plaintiff partially quotes the TCPA in paragraph 1.1 of the Complaint, admits Plaintiff purports to partially quote an unknown authority in paragraph 1.1, and admits such authorities are the best evidence of their respective contents. The remainder of paragraph 1.1 consists of legal conclusions and statements that are not allegations capable of admission or denial. To the extent a response is required, National denies such conclusions and statements.

1.2 National is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.2 of the Complaint, and therefore denies such allegations.

1.3 National denies the allegations in paragraph 1.3 of the Complaint.

1.4 National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.4 of the Complaint concerning Plaintiff's consent to receive telephone calls, and therefore denies such allegations. National denies the remaining allegations contained in paragraph 1.4.

1.5 National admits Plaintiff seeks to assert claims against it on behalf of putative nationwide class(es), but denies any actionable conduct, denies violating the law, and denies the remaining allegations in paragraph 1.5 of the Complaint.

1.6 National denies the allegations in paragraph 1.6 of the Complaint.

**2. Parties**

2.1 National is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.1 of the Complaint, and therefore denies such allegations.

2.2 National admits it is a limited liability company with its principal place of business located at 180 Maiden Lane, 30th FL., New York, NY 10038, and admits it conducts business throughout the United States, including the State of Texas. National denies it is engaged in "debt counseling" and denies any remaining allegations in paragraph 2.2 of the Complaint.

**3. Jurisdiction and Venue**

3.1 Paragraph 3.1 of the Complaint consists of legal conclusions and statements that are not allegations capable of admission or denial. To the extent a response is required, National admits the authority cited in paragraph 3.1 is the best evidence of its contents. Further, to the extent Plaintiff misquotes, misstates, or misinterprets the authority cited in paragraph 3.1, National denies the proposition for which such authority is cited for support.

3.2 National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.2 of the Complaint concerning Plaintiff's residence, and therefore denies such allegations. The remainder of paragraph 3.2 consists of legal conclusions and statements that are not allegations capable of admission or denial. To the extent a response is required, National denies such conclusions and statements.

3.3 National admits it has placed telephone calls to its existing or prior customers whose telephone numbers begin with a Texas area code, but is without knowledge or information sufficient to form a belief as to the location of the telephone call recipient upon receipt of such telephone calls. Accordingly, National denies those allegations concerning the location of telephone call recipient(s) upon receipt of any such telephone call placed by National. National denies placing unsolicited calls. The remainder of paragraph 3.3 of the Complaint consists of legal conclusions and statements that are not allegations capable of an admission or denial. To the extent a response is required, National denies such conclusions and statements.

3.4 Paragraph 3.4 of the Complaint consists of legal conclusions and statements that are not allegations capable of admission or denial. To the extent a response is required, National denies such conclusions and statements.

**4. Article III Standing**

4.1 Paragraph 4.1 of the Complaint consists of legal conclusions and statements that are not allegations capable of admission or denial. To the extent a response is required, National admits the authorities cited in paragraph 4.1 are the best evidence of their respective contents. Further, to the extent Plaintiff misquotes, misstates, or misinterprets the authorities cited in paragraph 4.1, National denies the proposition for which such authorities are cited for support.

4.2 Denies that allegations in paragraph 4.2 of the Complaint, including its subparts.

5. **Factual Allegations; Defendant placed telemarketing calls to the Plaintiff**

5.1 National is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.1 of the Complaint, and therefore denies such allegations.

5.2 National denies placing “[e]ach of the telephone calls referenced below” to Plaintiff. To the extent the allegations in paragraph 5.2 of the Complaint concern the placement of

telephone calls to Plaintiff by other individuals or entities (*i.e.,* not National), National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.2, and therefore denies such allegations.

5.3 National denies the allegations in paragraph 5.3 of the Complaint.

5.4 National denies the allegations in paragraph 5.4 of the Complaint.

5.5 National admits Plaintiff is not a customer of National. National is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 5.5 of the Complaint, and therefore denies such allegations.

5.6 National is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.6 of the Complaint, and therefore denies such allegations.

5.7 National denies the allegations in paragraph 5.7 of the Complaint.

5.8 National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.8 of the Complaint, and therefore denies such allegations. National specifically denies placing the telephone calls at issue in this litigation to Plaintiff.

5.9 National denies returning a call from Plaintiff on May 8, 2023, and denies identifying itself on such alleged call with Plaintiff. National is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.9 of the Complaint, and therefore denies such allegations.

5.10 National denies the allegations in paragraph 5.10 of the Complaint.

5.11 National is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.11 of the Complaint, and therefore denies such allegations. National specifically denies placing the telephone calls at issue in this litigation to Plaintiff.

5.12 National denies the allegations in paragraph 5.12 of the Complaint. The remainder of paragraph 5.12 consists of legal conclusions and statements that are not allegations capable of admission or denial. To the extent a response is required, National denies such legal conclusions and statements.

**6. Class Action Allegations**

6.1 National admits Plaintiffs seeks to represent putative nationwide classes but denies this action may be properly maintained as a class action and denies any remaining allegations in paragraph 6.1 of the Complaint.

6.2 National admits Plaintiff seeks to represent a putative nationwide class defined in sub-paragraph 6.2.1 of the Complaint but denies this action may be properly maintained as a class action, and denies the remaining allegations, including the class definition, contained in paragraph 6.2, including its subpart.

6.3 National admits Plaintiff seeks to represent a putative nationwide class defined in paragraph 6.3 of the Complaint but denies this action may be properly maintained as a class action, and denies the remaining allegations, including the class definition, contained in paragraph 6.3.

6.4 National admits Plaintiff seeks to represent a putative Texas class defined in paragraph 6.4 of the Complaint but denies this action may be properly maintained as a class action, and denies the remaining allegations, including the class definition, contained in paragraph 6.4.

6.5 National admits Plaintiff seeks to represent a putative Texas class defined in paragraph 6.5 of the Complaint but denies this action may be properly maintained as a class action, and denies the remaining allegations, including the class definition, contained in paragraph 6.5.

6.6 National denies the allegations in paragraph 6.6 of the Complaint.

6.7 National denies the allegations in paragraph 6.7 of the Complaint.

6.8 National denies the allegations in paragraph 6.8 of the Complaint.

6.9 National denies the allegations in paragraph 6.9 of the Complaint.

6.10 Paragraph 6.10 and its subparts consist of legal conclusions and statements that are not allegations capable of admission or denial. To the extent a response is required, National denies such legal conclusions and statements.

6.11 National denies the allegations in paragraph 6.11 of the Complaint.

6.12 National denies the allegations in paragraph 6.12 of the Complaint.

6.13 National denies the allegations in paragraph 6.13 of the Complaint.

6.14 National denies the allegations in paragraph 6.14 of the Complaint.

6.15 Paragraph 6.15 of the Complaint consists of legal conclusions and statements that are not allegations capable of admission or denial. To the extent a response is required, National denies such conclusions and statements.

6.16 National is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.16 of the Complaint, and therefore denies such allegations.

**7. Count One: Violation of the TCPA's artificial/prerecorded voice provisions**

7.1 National repeats and realleges paragraph 1 through 6.16 of this Answer as if fully set forth herein.

7.2 National denies the allegations in paragraph 7.2 of the Complaint.

7.3 National denies the allegations in paragraph 7.3 of the Complaint.

7.4 National admits Plaintiff seeks the relief alleged in paragraph 7.4 of the Complaint, including its subparts, but denies Plaintiff or any putative class member is entitled to any such relief.

**8. Count Two: Violation of the TCPA's Do Not Call provisions**

8.1 National repeats and realleges paragraph 1 through 7.4.6 of this Answer as if fully set forth herein.

8.2 National denies the allegations in paragraph 8.2 of the Complaint.

8.3 National denies the allegations in paragraph 8.3 of the Complaint. The remainder of paragraph 8.3 consists of legal conclusions and statements that are not allegations capable of admission or denial. To the extent a response is required, National denies such legal conclusions and statements.

8.4 National denies the allegations in paragraph 8.4 of the Complaint. The remainder of paragraph 8.4 consists of legal conclusions and statements that are not allegations capable of admission or denial. To the extent a response is required, National denies such legal conclusions and statements.

8.5 National denies the allegations in paragraph 8.5 of the Complaint.

8.6 National admits Plaintiff seeks the relief alleged in paragraph 8.6 of the Complaint, including its subparts, but denies Plaintiff or any putative class member is entitled to any such relief.

**9. Count Three: - Violations of Texas Business and Commerce Code, § 302.101 (On Behalf of Plaintiff and the Texas § 302.101 Class)**

9.1 National repeats and realleges paragraph 1 through 8.6.6 of this Answer as if fully set forth herein.

9.2 National admits it does not have a "registration certificate from the Office of the Secretary of State of Texas under § 302.101 of the Texas Business and Commerce Code." National denies it is required to obtain such a "registration certificate" and, therefore, denies it "failed to obtain" such a "registration certificate."

9.3 National denies the allegations in paragraph 9.3 of the Complaint.

9.4 National denies the allegations in paragraph 9.4 of the Complaint.

9.5 National denies Plaintiff or any putative class member is entitled to any relief whatsoever. The remainder of paragraph 9.5 of the Complaint consists of legal conclusions and statements that are not allegations capable of admission or denial. To the extent a response is required, National denies such conclusions and statements.

**10. Count Four: Violation of Tex. Bus. & Com. Code, Chapter 305 ("TBCC")**

10.1 National repeats and realleges paragraph 1 through 9.5 of this Answer as if fully set forth herein.

10.2 National admits the allegation in paragraph 10.2 of the Complaint.

10.3 National admits the allegation in paragraph 10.3 of the Complaint.

10.4 Paragraph 10.4 of the Complaint consists of legal conclusions and statements that are not allegations capable of admission or denial. To the extent a response is required, National admits the authority cited in paragraph 10.4 is the best evidence of its contents.

10.5 National denies the allegations in 10.5 of the Complaint. The remainder of paragraph 10.5 consists of legal conclusions and statements that are not allegations capable of admission or denial. To the extent a response is required, National denies such legal conclusions and statements.

10.6 Paragraph 10.6 of the Complaint consists of legal conclusions and statements that are not allegations capable of admission or denial. To the extent a response is required, National admits the authority cited in paragraph 10.6 is the best evidence of its contents.

10.7 Paragraph 10.7 of the Complaint consists of legal conclusions and statements that are not allegations capable of admission or denial. To the extent a response is required, National admits the authority cited in paragraph 10.7 is the best evidence of its contents.

10.8 Paragraph 10.8 of the Complaint consists of legal conclusions and statements that are not allegations capable of admission or denial. To the extent a response is required, National admits the authority cited in paragraph 10.8 is the best evidence of its contents.

10.9 National admits Plaintiff seeks the relief alleged in paragraph 10.9 of the Complaint, including its subparts, but denies Plaintiff or any putative class member is entitled to any such relief.

**11. Count Five Injunctive relief to bar future TCPA violations**

11.1 National repeats and realleges paragraph 1 through 10.9 of this Answer as if fully set forth herein.

11.2 Paragraph 11.2 of the Complaint consists of legal conclusions and statements that are not allegations capable of admission or denial. To the extent a response is required, National admits the authorities cited in paragraph 11.2 are the best evidence of their contents.

11.3 National admits Plaintiff seeks injunctive relief but denies any actionable conduct.

**12. Jury Demand**

12.1 National hereby demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

As to any part of the Complaint not specifically admitted, denied, or discussed with respect to National, National hereby denies said allegations, including, but not limited to, any allegations contained in the Complaint’s preamble, headings, subheadings, and wherefore clause.

Furthermore, any averments in the Complaint to which no responsive pleadings are capable or required shall be deemed denied.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, National pleads the following affirmative defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because to the extent the subject telephone calls occurred, such telephone calls were invited, permitted, consented to, and/or made pursuant to a personal or an established business relationship.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff cannot state a claim against National upon which relief can be granted. National did not (and does not) make telephone calls as alleged in the Complaint, particularly without the prior consent of the called party as Plaintiff seeks to allege in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state and cannot state a plausible cause of action for class relief pursuant to Federal Rule of Civil Procedure 23 in that, among other things, the claims Plaintiff seeks to assert cannot be common or typical of the claims of the putative class, nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff attempts to assert.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative classes Plaintiff seeks to represent lack standing to bring this action because neither Plaintiff nor the putative class members suffered the requisite harm required to confer standing under Article III of the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail or otherwise are barred, in whole or in part, or are limited by the doctrine of unclean hands. Plaintiff seeks out, invites, and welcomes telemarketing calls, including, *arguendo*, the alleged calls at issue, in an effort to manufacture and pursue litigation on a class basis, not to seek compensation for damages allegedly suffered, as contemplated by statute, but rather to enrich himself by seeking disproportionate payments from, here, National.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff fails to sufficiently allege that a class action is proper or appropriate, and therefore Plaintiff is not entitled to maintain this lawsuit as a collective action. Among other things, Plaintiff fails to allege, because he cannot allege, any facts to suggest there are any other members of the proposed classes. Instead, Plaintiff merely hypothesizes there may be others. Similarly, Plaintiff has not alleged, because he cannot allege, any facts to plausibly support the claim that there are common issues of fact and law, that Plaintiff's claims are typical of the proposed classes, or that Plaintiff will fairly and adequately protect the interests of the proposed classes. Rather, Plaintiff's Complaint merely parrots the requisite language without any factual insight. Accordingly, Plaintiff cannot satisfy the numerosity, commonality, typicality, and adequate representative requirements for this case to proceed as a class action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail

or otherwise are barred, in whole or in part, or are limited because the alleged damages to Plaintiff and/or the putative classes Plaintiff seeks to represent were caused in whole or in part by the acts or omissions of third parties over which National had and has no control of/over and/or by the acts or omissions of Plaintiff and/or the putative class members.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited to the extent any telephone call that is alleged to have violated the TCPA is exempt from liability under the TCPA and/or the rules and regulations proscribed by the Federal Communications Commission.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff and/or the putative class Plaintiff seeks to represent cannot state a claim against National upon which relief can be granted because National did not and does not make telephone calls using a prerecorded voice to contact telephone numbers, including those on the National Do-Not-Call Registry, without the prior consent and/or an established business relationship of the called party as Plaintiff seeks to allege in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff did not sustain any damages. To the extent Plaintiff sustained any damages, such damages are *de minimis* and non-actionable, and any such damages are not representative and/or the same as the putative class members Plaintiff seeks to represent.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited by the doctrine of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited by the doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint and each and every purported claim contained therein that Plaintiff seeks to allege fail or otherwise are barred, in whole or in part, or are limited because any alleged wrongdoing by National, which National denies, was caused by mistake. Indeed, National acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it acted.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff and/or the putative classes failed to mitigate his/their damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief, and/or the claims for injunctive relief of the punitive classes that Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because there is neither continuing harm nor any real and immediate danger of injury in the future to Plaintiff or the punitive classes Plaintiff seeks to represent.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiffs and/or the putative class members were not the intended recipient(s) of the subject telephone call.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the statutory damages provisions of the TCPA are excessive fines and/or are grossly disproportionate to any actual harm that may have been suffered. Accordingly, such statutory damages provisions violate (1) the safeguards set forth in and/or assured by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and (2) the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the alleged telephone calls constitute commercial speech protected by the First Amendment of the United States Constitution and the imposition of liability for such telephone calls violates the First Amendment rights of the sender.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff and/or the putative class members are not the respective owners, subscribers, registrants, or authorized users of the telephones that allegedly received the telephone calls and/or text messages at issue, and, therefore, lack standing.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the subject telephone calls

complied with the requirements set forth in 47 C.F.R. §64.1200(c) & (d).

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claim and/or the claims of the non-Texas putative class members Plaintiff seeks to represent fail or otherwise are barred, in whole or part, or are limited for lack of jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017).

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claim and/or the claims of the Texas putative class members Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited by the express language of Texas Business and Commerce Code, § 302.053, which exempts a "supervised financial institution" from the provisions of Chapter 302. *See* State of Texas Regulated Lender License No. 1400000135-165980; State of Texas Debt Management Registration No. 1400000135-125713.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims and/or the claims of the putative classes Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff and/or the putative class members were not charged for the specific calls at issue.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in the Complaint filed by Plaintiff George Kenneth Schopp, Defendant National Debt Relief, LLC respectfully requests this Court enter judgment as follows: (1) that Plaintiff takes nothing by virtue of the Complaint and that this action be dismissed in its entirety; (2) that judgment be rendered in favor of National; (3) that attorneys' fees and costs incurred in this action be awarded to National to the greatest extent permitted by applicable law; and (4) that National be awarded such further and other relief as this Court deems just and proper.

Dated: July 27, 2023.

Respectfully submitted,

By: */s/ Julie M. Moeller*
JULIE M. MOELLER
TX Bar No.: 24073830
Email: julie.moeller@gmlaw.com
**GREENSPOON MARDER LLP**
700 Milam St., Suite 1300
Houston, Texas 77002
Tel: (212) 524-4966
-and-
HALEY JONES-PARTILLA
(*Admission Anticipated*)
Email: haley.jones-partilla@gmlaw.com
**GREENSPOON MARDER LLP**
2255 Glades Rd. Suite 400-E
Boca Raton, FL 33431
Tel: (972) 800-7991
-and-
LAWREN A. ZANN
(*Pro Hac Vice Admission Anticipated*)
Email: lawren.zann@gmlaw.com
Email: gabby.mangar@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-6296
Fax: (954) 333-4027

*Attorneys for National Debt Relief, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **27th** day of July 2023, a copy of the foregoing Answer and Affirmative Defenses was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record, including: **Chris R. Miltenberger**, **Esq.,** The Law Office of Chris R. Miltenberger, PLLC, 1360 N. White Chapel, Suite 200, Southlake, TX 76092 (Email: chris@crmlawpractice.com), *Attorneys for Plaintiff*.

By: */s/ Julie M. Moeller*
JULIE M. MOELLER