UNITED STATES DISTRICT COURT
Eastern District of Texas
Sherman Division

| | | |
|---|---|---|
| George Kenneth Schopp, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CA No.: 4:23-cv-568-SDJ |
| | § | |
| v. | § | |
| | § | Class Action |
| National Debt Relief, LLC, | § | Jury Demanded |
| | § | |
| Defendant. | § | |

## JOINT ATTORNEY RULE 26(f) CONFERENCE REPORT

Plaintiff and Defendant submit the following conference report.

1. A brief factual and legal synopsis of the case.

    **Response**: Plaintiff brings this case as a class action. Plaintiff alleges that the Defendant or its representative placed pre-recorded marketing calls to Plaintiff's residential cellular telephone number, registered with the National Do Not Call Registry, in violation of the Telephone Consumer Protection Act ("TCPA") and Sections 305-053(a) of the Texas Business & Commerce Code and Section 302.101 of the Texas Business and Commerce Code. Plaintiff asserts claims individually and on behalf of 4 classes of individuals who allegedly received similar telephone calls from Defendant or its representative.

    Defendant denies the material allegations set forth in Plaintiff's Complaint, including Plaintiff's entitlement to damages, and disputes the contentions raised therein. Among other denials and defenses, Defendant asserts that (i) to the extent Plaintiff was called by a third party, such third party did not have authority from Defendant to make any such calls on behalf of Defendant, and (ii) to the extent Plaintiff can establish he was called by Defendant, such call would only have been initiated by Defendant pursuant to Plaintiff's consent or established business relationship. Defendant further disputes any basis exists to convert the existing action into a nationwide

    class action as, among other reasons, Plaintiff cannot establish the requirements of Federal Rule of Civil Procedure 23.

2. The jurisdictional basis for this suit.

    **Response**: The Court has federal question jurisdiction under 28 U.S.C. §1331. Plaintiff is asserting claims under 47 U.S.C. §2274, the Telephone Consumer Protection Act. The Court has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367(a).

3. A list of the correct names of the parties to this action and any anticipated additional or potential parties.

    **Response**: George Kenneth Schopp and National Debt Relief, LLC. Those are the correct names of the parties Additional parties may be added as defendants if discovery shows the identity of the individuals making the calls at issue.

4. A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.

    **Response**: None.

5. Confirmation that the initial disclosures required by Rule 26(a)(1) and this Order have been completed.

    **Response**: Plaintiff's Initial Rule 26(a)(1) disclosures are complete. Defendant will exchange its Initial Rule 26(a)(1) by September 4, 2024

6. Proposed scheduling order deadlines.

    **Response**: See the attached exhibit.

7. Description, in accordance with Rule 26(f), of the following:

    i. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

    **Response**:

    Plaintiff's Response:

    Plaintiff proposes discovery regarding Defendant's the call detail records, the Defendant's policies and whether Defendant has consent to call the Plaintiff and the proposed class members.

    Plaintiff will file a motion for class certification after initial discovery has been conducted. Plaintiff, however, expects to meet an aggressive timetable for filing a motion for class certification, as TCPA cases are routinely certified as class actions.

    Defendant's Response:

    Defendant seeks discovery from Plaintiff and/or third-parties on the following subjects: (1) user, subscriber, registrant, payor, and/ or owner information related to the cellular telephone at issue in the Complaint; (2) call data regarding calls to the cellular telephone at issue in the Complaint; (3) the allegations set forth in Plaintiff's Complaint and any amendments thereto; (4) Plaintiff and/or any other putative class member's relationship with Defendant (or any other third party allegedly acting on behalf of Defendant); (5) Plaintiff and/or any other putative class member's consent to receive the call(s) alleged in the Complaint; (6) identification of witnesses; (7) Plaintiff and/or any other putative class member's relationship with any third parties that may have relevant information concerning the allegations and affirmative defenses asserted in this action; (8) Plaintiff and/or any other putative class member's registration on the national Do-Not-Call registry the phone system(s) used to allegedly call and send text messages to Plaintiff; and (9) a physical inspection of the cellular telephone at issue in the Complaint. Additionally, Defendant intends to obtain written discovery regarding, and the depositions of, any experts retained by Plaintiff in connection with Plaintiff's claims.

    ii. Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably useable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.

    **Response**: The parties are not aware of any issues about disclosure, discovery, or preservation of electronically stored information requiring the Court's attention at this time, but agree to address any such issues, in good faith, should it become necessary. Defendant agrees to produce relevant call detail records in native format.

    iii. Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including ESI, and any agreements reached under FRE 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information or other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the court for entry of a protective order.

    **Response**: The parties are not aware of any issues about claims of privilege attention at this time. The parties anticipate discovery may seek confidential, trade secret, and/or commercially sensitive information of either party. The parties believe, in good faith, a protective order is necessary to protect such information and will negotiate, draft, and submit an appropriate order to the Court for consideration.

    iv. Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.

    **Response**: Plaintiff requests no changes. Defendant requests no changes.

    v. Whether any other orders should be entered by the court pursuant to Federal Rule of Civil Procedure 26(c) or Rule 16(b), (c).

    **Response**: Aside from the anticipated protective order addressed in Section 7(iii), the parties are unaware of any other orders that the Court should issue under Rule 26(c) or 16(f) at this time.

8. State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The court will appoint a mediator if none is agreed upon.

    **Response**: Plaintiff is not in a position to discuss settlement until the size of the class is known.

9. The identity of persons expected to be deposed.

    **Response**: Plaintiff, the individuals making the calls, Defendant's corporate representative and individuals knowledgeable on Defendant's telemarketing marketing policies and practices, and any witnesses identified in the course of discovery.

10. Estimated trial time and whether a jury demand has been timely made.

    **Response**: 1-2 days. Plaintiff timely requested a trial by jury.

11. The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be the lead counsel and have full authority to bind the client).

    **Response**: Chris Miltenberger for Plaintiff and Julie Moeller for Defendant.

12. Whether the parties jointly consent to trial before a magistrate judge.

    **Response**: The parties do not jointly consent to trial before a magistrate judge.

13. Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.

    **Response**:  None at this time.

Respectfully submitted,

By:     */s/ Chris R. Miltenberger*
         Chris R. Miltenberger
         Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Designated as Lead Attorney

**Attorney for Plaintiff**

    -and-

JULIE M. MOELLER
TX Bar No.: 24073830
Email: julie.moeller@gmlaw.com
GREENSPOON MARDER LLP
700 Milam St., Suite 1300
Houston, Texas 77002
Tel: (212) 524-4966

HALEY JONES-PARTILLA
(Admission Anticipated)
Email: haley.jones-partilla@gmlaw.com
GREENSPOON MARDER LLP

> 2255 Glades Rd. Suite 400-E
> Boca Raton, FL 33431
> Tel: (972) 800-7991
>
> LAWREN A. ZANN
> (Pro Hac Vice Admission Anticipated)
> Email: lawren.zann@gmlaw.com
> Email: gabby.mangar@gmlaw.com
> GREENSPOON MARDER LLP
> 200 East Broward Blvd., Suite 1800
> Fort Lauderdale, Florida 33301
> Tel: (954) 527-6296
> Fax: (954) 333-4027
>
> **Attorneys for National Debt Relief, LLC**

### Certificate of Service

The undersigned certifies that the foregoing document was filed electronically through the Court's CM/ECF system in compliance with the Local Rules.

> By: */s/ Chris R. Miltenberger*
> Chris R. Miltenberger