# UNITED STATES DISTRICT COURT
## Eastern District of Texas
## Sherman Division

| | | |
|---|---|---|
| George Kenneth Schopp, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CA No.: 4:23-cv-568-SBJ-BD |
| | § | |
| v. | § | |
| | § | |
| National Debt Relief, LLC | § | Jury Demanded |
| | § | |
| Defendant. | § | |

**Plaintiff George Kenneth Schopp's**
**First Amended Complaint**

George Kenneth Schopp ("**Plaintiff**") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("**TCPA**"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. He is also suing under Section 305-053(c) of the Texas Business & Commerce Code and Section § 302.101 of the Texas Business & Commerce Code.

## 1. Background

1.1. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Id.* at 744. In enacting the TCPA, Congress

intended to give consumers a choice as to how creditors and telemarketers may call them. Thus, and as applicable here, Section 227(b)(1)(A)(iii) of the TCPA specifically prohibits the making of "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service[.]"

1.2. Plaintiff's residential cellular telephone number (469-XXX-1358, the "**Telephone Number**") is/was listed on the national Do Not Call Registry, a list explicitly designed to protect the public from these kind of intrusive telemarketing calls. Plaintiff listed the Telephone Number on the national Do Not Call Registry on December 11, 2004, and the Telephone Number has remained on the national Do Not Call Registry since that date.

1.3. National Debt Relief, LLC ("**Defendant**") or its telemarketing representative or lead generator called Plaintiff's residential phone on approximately 12 occasions beginning on December 28, 2022, and made marketing solicitations, i.e., calls for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Specifically, Defendant attempted to sell Plaintiff Defendant's debt relief services.

1.4. Because Plaintiff had not given his consent to receive these calls from Defendant, these calls violated the TCPA and the Do Not Call Registry laws and regulations.

## 2. Parties

2.1. Plaintiff is a resident of this District. The calls were received in this District.

2.2. Defendant is a Limited Liability Company with its principal place of business located at 180 Maiden Lane, 30th FL., New York, NY 10038. Defendant is engaged in a variety of services including debt counseling. It conducts business throughout the United States, and in and throughout the State of Texas.

## 3. Jurisdiction and Venue

3.1. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

3.2. Venue is proper because the Plaintiff is a resident of this District and Defendant has sufficient contacts in this State and District to subject it to personal jurisdiction. Defendant made calls to a resident of this District.

3.3. This Court has personal jurisdiction over Defendant because Defendant targeted a telephone number with a Texas area code (469) and called a resident of Texas. Plaintiff alleges that discovery will show that Defendant called and texted Texas area codes on numerous occasions. Thus,

Defendant is aware that it is calling residents of Texas and dialing into the State of Texas. Defendant took these actions to establish contacts with the State of Texas.

3.4. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because they are so closely related to the federal claims that they form a single case or controversy.

## 4. Article III Standing

4.1. Plaintiff has Article III standing for his claim under the TCPA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016). *See also*, *Morris v. Hornet Corp.*, No. 4:17-CV-00350, 2018 WL 4781273 (E.D. Tex. Sept. 14, 2018), *report and recommendation adopted,* No. 4:17-CV-00350, 2018 WL 4773547 (E.D. Tex. Oct. 3, 2018).

4.2. Plaintiff was harmed by Defendant's actions of calling his residential phone while his number was on the Do Not Call Registry, without consent in the following manners:

4.2.1. Plaintiff's privacy was invaded by Defendant;

4.2.2. Plaintiff was harassed and abused by Defendant's telephone calls;

4.2.3. Defendant's calls were a nuisance to Plaintiff;

4.2.4. Plaintiff's phone was unavailable for other use while processing the illegal calls from Defendant;

4.2.5. Defendant illegally seized Plaintiff's telephone line while it made illegal calls to Plaintiff's cellular telephone;

4.2.6. Plaintiff's telephone line was occupied by multiple unauthorized calls from Defendant;

4.2.7. Defendant's seizure of Plaintiff's telephone line was intrusive; and

4.2.8. Plaintiff was inconvenienced by Defendant's calls, by among other things, hearing his ring and having to check the calling party.

## 5. Factual Allegations; Defendant placed telemarketing calls to the Plaintiff

**5.1.** Plaintiff is the owner of and user of the cellular telephone number 469-XXX-1358. The cellular number is used as a residential phone number. The cellular number is a cell phone that Schopp uses for personal, family and household use. Schopp maintains no landline phones at his residence and primarily relies on cellular phones to communicate with friends and family. Schopp also uses his cell phone for navigation purposes, sending and receiving emails, and sending and receiving text messages. Schopp further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

5.2. Each of the telephone calls referenced below was made to Plaintiff's residential telephone number 469-XXX-1358. None of the calls at issue were placed by Defendant to Plaintiff's phone number for "emergency purposes."

5.3. Beginning on December 28, 2022, Plaintiff began receiving telephone calls directly from Defendant or from Defendant's telemarketing representatives who made the telephone calls as the agent for and on behalf of Defendant (all references herein to Defendant include Defendant's telemarketing representatives).

5.4. The telephone calls were for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Specifically, Defendant was seeking to sell Plaintiff Defendant's debt relief services.

5.5. Plaintiff is not a customer of Defendant and has not provided Defendant with his written consent to be called.

5.6. All the calls were placed to a telephone number that Plaintiff had listed on the National Do Not Call Registry for more than 31 days prior to the calls.

5.7. All of the calls were made by Defendant or Defendant's authorized agents and partners in Defendant's solicitation scheme. Thus, all of the calls were made on behalf of Defendant.

5.8. All of the calls used a prerecorded message such as Interactive Voice Response and/or Speech Recognition software. All of the calls had a similar pattern. Each call started with a "hello" from a female voice and awaited a voice response from the called party. Once the called party verbally responds the caller begins by introducing themselves with a female name and a prerecorded message regarding debt reduction and or debt elimination and selling debt relief programs. All of the calls then ask the caller if they would like to be transferred/connected to a live representative.

5.9. All of the calls followed the same pattern. On the 4-11-2023 call Plaintiff followed the prompts, spoke with an agent and was told that the agent was with National Debt Relief. On May 8, 2023 Defendant returned a call from Plaintiff and identified itself as national Debt Relief.

5.10. Plaintiff received calls from Defendant on the following dates:

| Date of Call Received | Time | Prerecorded/Artificial Voice |
|---|---|---|
| | | |
| 12/28/2022 | 1:12 PM | Yes |
| 12/29/2022 | 2:31 PM | Yes |
| 1/16/2023 | 1:03 PM | Yes |
| 1/17/2023 | 9:22 AM | Yes |
| 1/19/2023 | 10:13 AM | Yes |
| 1/25/2023 | 11:11 AM | Yes |
| 3/2/2023 | 12:16 PM | Yes |
| 3/17/2023 | 4:09 PM | Yes |
| 3/21/2023 | 2:31 PM | Yes |
| 3/30/2023 | 3:59 PM | Yes |
| 4/11/2023 | 11:22 AM | Yes |
| 5/5/2023 | 2:33 PM | Yes |

5.11. Plaintiff believes he also received additional calls from Defendant and discovery will show the exact number of calls.

5.12. Plaintiff was in Texas when he received each of the calls.

5.13. All of the calls were willful and knowing violations of the TCPA as the Defendant was using spoofed phone numbers to make the calls to Plaintiff. This indicates that Defendant is aware that its calling practices are in violation of the TCPA. Defendant has also been sued before fr TCPA violations.

## 6. Count One: Violation of the TCPA's artificial/prerecorded voice provisions

6.1. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

6.2. The Defendant violated the TCPA by initiating telephone solicitations to cell phone numbers with the use of an artificial or prerecorded voice.

6.3. The Defendant's violations were knowing/willful as Defendant was spoofing the calling phone numbers and had no prior business with Plaintiff.

6.4. Relief Sought: Plaintiff requests the following relief:

6.4.1. That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

6.4.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

6.4.3. That the Plaintiff be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

6.4.4. That the Plaintiff be granted other relief as is just and equitable under the circumstances.

**7. Count Two: Violation of the TCPA's Do Not Call provisions**

7.1. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

7.2. Defendant made more than one unsolicited telephone call to Plaintiff within a 12-month period without his prior express consent to receive such calls. Plaintiff never provided any form of consent to receive telephone calls from Defendant and Defendant does not have a current record of consent to place telemarketing calls to Plaintiff.

7.3. The Defendant violated the TCPA by initiating telephone solicitations to Plaintiff whose telephone number was listed on the Do Not Call Registry. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

7.4. Defendant also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy of dealing with do not call requests, by failing to inform or train its personnel engaged in telemarketing regarding the existence and/or use of any do not call list, and by failing to internally record and honor do not call requests.

7.5. The Defendant's violations were knowing/willful as Defendant was spoofing the calling phone numbers and had no prior business with Plaintiff. Defendant did not subscribe to or utilize the Do Not Call database.

7.6. Relief Sought: Plaintiff requests the following relief:

7.6.1. That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

7.6.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

7.6.3. That the Plaintiff be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

**8. Count Three: - Violations of Texas Business and Commerce Code, § 302.101**

8.1. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

8.2. Defendant failed to obtain a registration certificate from the Office of the Secretary of State of Texas pursuant to § 302.101 of the Texas Business and Commerce Code.

8.3. Defendant placed telephone solicitations to Plaintiff's telephone number.

8.4. Defendant's telephone solicitations were made from a location in Texas or to Plaintiff while he was located in Texas.

8.5. Plaintiff is entitled to an award of up to $5,000 for each violation and all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

**9. Count Four: Violation of Tex. Bus. & Com. Code, Chapter 305 ("TBCC")**

9.1. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

9.2. Plaintiff is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

9.3. Defendant is a "person" as defined by Texas Business & Commerce Code § 1-201(b)(27).

9.4. Pursuant to Section 305-053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both an injunction and damages.

9.5. As set forth above Defendant violated 47 U.S.C. § 227, or a regulation adopted under that provision.

9.6. Plaintiff is entitled to a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305.

9.7. Pursuant to Section 305-053(b) of the Texas Business & Commerce Code, Plaintiff is entitled to the greater of $500.00 for each violation or Plaintiff's actual damages for each call negligently made by Defendant.

9.8. Pursuant to Section 305-053(c) of the Texas Business & Commerce Code, Plaintiff is entitled to not more than the greater of $1,500.00 for

each violation or three times Plaintiff's actual damages for each violation by Defendant that the Court finds was made knowingly or intentionally.

9.9. Relief Sought: Plaintiff requests the following relief:

9.9.1. That Defendant be restrained from engaging in future telemarketing in violation of the TBCC.

9.9.2. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

9.9.3. That the Plaintiff be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

**10. Jury Demand**

10.1. Plaintiff requests a jury trial as to all claims of the complaint so triable.

Respectfully submitted:

By: *_/s/ Chris R. Miltenberger_*
Chris R. Miltenberger
Texas State Bar Number 14171200

Designated as Lead Attorney

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff

**Certificate of Service**

The undersigned certifies that the foregoing document was filed electronically through the Court's CM/ECF system in compliance with the Local Rules.

By: *_/s/ Chris R. Miltenberger_*
Chris R. Miltenberger